UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EMERSON ELECTRIC CO. d/b/a, | ) | |
| EMERSON MOTOR COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV2032 HEA |
| | ) | |
| SULZER PUMPS HOUSTON, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Stay and Compel Arbitration, [Doc. No. 7]. Plaintiff opposes the motion; Defendant has filed a reply to Plaintiff's opposition. For the reasons set forth below, the Motion is denied, without prejudice.

Plaintiff brought this Declaratory Judgment action seeking a declaration that it is not liable for alleged damages to Defendant arising from the sale and/or delivery of the electric motor Defendant purchased from Plaintiff.

Defendant moves the Court to stay this matter and compel arbitration of the dispute. The parties agree that valid arbitration clauses are generally enforceable. The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, provides a court with authority to compel arbitration where a party has refused to comply with an arbitration

agreement. 9 U.S.C. § 4. See *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985). In making this determination, the Court must take into account the strong policy favoring arbitration as a method of settling disputes:

> [Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration. . . The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. . .

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 941, 74 L.Ed.2d 785 (1983), *superseded by statute on other grounds*.

The issue in this case, however, is whether a valid arbitration clause applies to the parties' agreement, which, in turn, depends upon which documents govern the parties' agreement. The parties disagree as to which documents apply.

Defendant solicited bids from Plaintiff for the manufacture of 1250 horsepower and 1500 horsepower electric motors in the Fall of 2005. Plaintiff issued a series of QUOTATION AND ORDER MEMORANDUMS [sic] containing product descriptions and pricing information for the two motors. None of the documents submitted by Plaintiff contained an arbitration clause. Defendant alleges that based on Plaintiff's representation of a 12-14 week lead time, Defendant submitted Purchase Order No. 743510, in response to Plaintiff's quotation and

memorandum for one of the motors referenced in Plaintiff's quote. Defendant's Purchase order provided that "SULZER PUMPS HOUSTON INC. TERMS AND CONDITIONS APPLY." Defendant contends that a copy of its Purchase Order Standard Terms and Conditions was attached to the Purchase Order and transmitted via facsimile to Plaintiff. Paragraph 14 of the Terms and Conditions provides:

> The Contract shall be governed by the law of the State of Texas. Any disputes arising out of this Contract shall be resolved by informal mediation in any manner the parties may agree within 45 days of request for mediation by one party to the other. Any dispute that cannot be resolved through mediation shall be resolved by binding arbitration conducted in English in Houston, Texas, under the Commercial Rules of Arbitration Association.

Plaintiff alleges that it has no record of ever receiving these terms and conditions.

Both parties contend their documents govern the transaction. While Defendant argues that Plaintiff's Quotation is not an offer to sell because it specifically reserves the right in its sole discretion to refuse offers, the terms of the Quotation were sufficiently detailed so as to constitute an offer for purposes of contract formation. Factors relevant to a determination whether a price quote is an offer include (1) the extent of prior inquiry (The parties had been negotiating through the final delivery of the electric motor over six months); (2) the completeness of the terms of the suggested bargain (the Quotation contained detailed price, quantity, and expiration date for the Quotation; and (3) the number of

persons to whom the price is quoted (the price was only quoted to Defendant). *Nordyne, Inc. v. International Controls & Measurements Corp.*, 262 F.3d 843, 846 (8th Cir. 2001) (discussing the factors set forth in the Restatement (Second) of Contracts).

Defendant counters that, even assuming Plaintiff's Quotation was an offer, it rejected the offer through its purchase order which was expressly conditioned on Plaintiff's acceptance of Defendant's Terms and Conditions. Section 2-207(1) of the Uniform Commercial Code provides: "[a] definite and seasonable expression of acceptance. . . operates as an acceptance even though it states terms additional or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms." Defendant's Purchase Order falls squarely within the perimeters of § 2-207(1). Through this express conditional acceptance, Defendant rejected Plaintiff's Offer and proposed its counter offer, *i.e.*, its Purchase Order which contained the arbitration provision.

Plaintiff, however, claims to have no record of receiving the Terms and Conditions. While the Court agrees that Plaintiff's failure to *read* the terms and conditions would signal a death knell of its argument opposing arbitration, Plaintiff cannot be held to have agreed to the Terms and Conditions if they were in fact never received. Questions, therefore remain to be answered before this Court is in a

position to ascertain which of the parties documents apply to the transaction. Limited discovery on this issue is therefore in order and leave to conduct same will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay and Compel Arbitration, [Doc. No. 7], is denied without prejudice to refiling upon the completion of limited discovery.

**IT IS FURTHER ORDERED** that the parties are granted 21 days from the date of this Order to conduct discovery limited to the issue of whether Plaintiff received the Term and Conditions allegedly attached to Defendant's Purchase Order for the electric motor which is the subject matter of this dispute.

Dated this 25th day of June, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE